# In the United States Court of Federal Claims

No. 11-751L

(Filed: April 29, 2016)

```
* * * * * * * * * * * * * * * * *
                                 *
DANIEL GABINO MARTINEZ,          *     Keywords: Federal Rules of
                                 *     Appellate Procedure Rule 4(a);
          Plaintiff,             *     28 U.S.C. § 2017; 28 U.S.C. § 2522;
                                 *     Excusable Neglect; RCFC 60(b).
     v.                          *
                                 *
THE UNITED STATES OF AMERICA,    *
                                 *
          Defendant.             *
                                 *
* * * * * * * * * * * * * * * * *
```

*A. Blair Dunn*, Western Agriculture, Resource and Business Advocates, LLP, Albuquerque, NM, for Plaintiff.

*Bruce K. Trauben*, United States Department of Justice, Environment & Natural Resources Division, Washington, DC, for defendant. With him were *John C. Cruden*, Assistant Attorney General. *Dawn Dickman*, General Counsel, United States Department of Agriculture, Albuquerque, NM, Of Counsel.

### OPINION AND ORDER DENYING MOTION FOR EXTENSION OF TIME NUNC PRO TUNC TO FILE APPEAL

**KAPLAN, Judge.**

The plaintiff, Daniel Gabino Martinez, brought this action to secure compensation for the value of certain livestock under the Fifth Amendment's Takings Clause. In an Opinion and Order issued on October 6, 2015, this Court granted the government's motion to dismiss Mr. Martinez's complaint for failure to state a claim, pursuant to Rule 12(b)(6) of the Rules of the Court of Federal Claims (RCFC). ECF No. 61. Judgment dismissing the case was entered on October 14, 2015. ECF No. 62. Pursuant to 28 U.S.C. § 2107 and Rule 4(a) of the Federal Rules of Appellate Procedure (FRAP), Mr. Martinez was required to file a notice of appeal within 60 days of entry of judgment, i.e., by December 13, 2015. Because December 13, 2015 fell on a Sunday, the notice of appeal was due on December 14, 2015. FRAP 26(a)(1)(C).

Mr. Martinez, however, did not file his notice of appeal on December 14, 2015. Instead he filed it on December 15. According to Mr. Martinez, "due to a simple mistake in Plaintiff's counsel's office rather than setting the deadline as would be appropriate for Monday, December 14, 2015 to file the Notice of Appeal, instead an additional day was added to December 14th and the deadline was calendared as a clerical error for December 15, 2015." Pl.'s Mot. for Extension

1

of Time Nunc Pro Tunc to File Appeal (Pl.'s Mot.) at 1, ECF No. 67. He further states that he did not become aware of the error until the United States filed a motion to dismiss the appeal as untimely on February 29, 2016, the day before his opening brief was due. Id. at 2.

On April 22, 2016, Mr. Martinez filed the motion that is currently before the Court, which requests that the Court extend the time for the filing of an appeal for one day, so that he might have the appeal reinstated. He relies upon RCFC 60(b) which provides that upon a "motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" based on "mistake, inadvertence, surprise, or excusable neglect." He argues that the failure to timely file his notice of appeal constituted "excusable neglect" because he "took affirmative steps to comply with the rules but [was] unsuccessful because of an honest clerical error." Pl.'s Mot. at 3.

For the reasons set forth below, Mr. Martinez's motion is **DENIED**.

## DISCUSSION

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007). Further, "[t]o prevent delay in the resolution of disputes, the Federal Rules place severe time limitations on the time for appeals from a final judgment of a district court and restrict the power of both the district courts and the courts of appeals to extend the appeal period." Kraft, Inc. v. United States, 85 F.3d 602, 605 (Fed. Cir. 1996), opinion modified on denial of reh'g, 96 F.3d 1428 (Fed. Cir. 1996). Thus federal district courts and the Court of Federal Claims "have only limited authority to provide additional time ([FRAP] 4(a)(5), (6)), and circuit courts have no authority at all to grant extensions." Id.; see also 28 U.S.C. § 2522 (stating that a notice of appeal of a decision of the Court of Federal Claims shall be filed "within the time and in the manner prescribed for appeals" described in the FRAP).

FRAP 4(a)(5)(A) provides that "[t]he district court may extend the time to file a notice of appeal if . . . a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires" and if, "regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." See also 28 U.S.C. § 2107(c) (stating that "[t]he district court may, upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal, extend the time for appeal upon a showing of excusable neglect or good cause"). Mr. Martinez did not file his request within 30 days after December 14, 2015. Therefore, this Court lacks jurisdiction to consider his request to extend the appeal deadline under FRAP 4(a)(5). Ultimate Appliance CC v. Kirby Co., 601 F.3d 414, 416 (6th Cir. 2010); Goode v. Winkler, 252 F.3d 242, 245 (2d Cir. 2001); Wilkens v. Johnson, 238 F.3d 328, 330 (5th Cir. 2001); Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1114 (11th Cir. 1993); Alaska Limestone Corp. v. Hodel, 799 F.2d 1409, 1411 (9th Cir. 1986).

Mr. Martinez's reliance upon RCFC 60(b) as an alternative vehicle to secure an extension of the appeal period is misplaced. Thus, the majority of circuits that have addressed the issue have held that a plaintiff who fails to meet the jurisdictional deadlines set forth in FRAP 4(a), and who does not qualify for one of the equitable exceptions to that deadline set forth in FRAP 4(a)(5) or (6), may not rely upon the Federal Rules of Civil Procedure Rule 60(b) (the corollary rule to RCFC 60(b)) to extend the time for filing an appeal. See West v. Keve, 721 F.2d 91, 96

(3d Cir. 1983) (observing that "to allow a party to rely on Rule 60(b) as an alternative to the time constraints of Rule 4(a) would have the substantive effect of nullifying the provisions of Rule 4(a)(5)"); see also Perez v. Stephens, 745 F.3d 174, 179 (5th Cir. 2014) (rejecting use of extraordinary circumstances under Rule 60(b)(6) to circumvent limitations of FRAP 4(a)), cert. denied, 135 S. Ct. 401 (2014); White v. Jones, 408 F. App'x 293, 295 (11th Cir. 2011) (expressing doubt as to whether a Rule 60(b) motion is an available vehicle to re-start the filing period for a notice of appeal); In re Sealed Case (Bowles), 624 F.3d 482, 486 (D.C. Cir. 2010) (Supreme Court's decision in Bowles forecloses use of Rule 60(b) as an alternative to FRAP 4(a)(6)); Dunn v. Cockrell, 302 F.3d 491, 492 (5th Cir. 2002) (affirming district court's denial of Rule 60(b) motion where "[t]he sole basis for the motion was to vacate and re-enter the judgment to allow [petitioner] to file a timely notice of appeal which was not done initially because of the negligence of his attorneys," and noting petitioner could not use Rule 60(b) as a substitute for a timely appeal).

To be sure, the Sixth Circuit has taken a slightly different tack and held that parties may seek to vacate a judgment under Rule 60(b)(6) where extraordinary circumstances (as opposed to excusable neglect) led to the failure to file a timely notice of appeal. Tanner v. Yukins, 776 F.3d 434, 439 (6th Cir. 2015). But even if this minority position were applied here, Mr. Martinez does not cite Rule 60(b)(6) or attempt to argue that the clerical error made by his counsel constituted extraordinary circumstances; nor could he. Fiskars, Inc. v. Hunt Mfg. Co., 279 F.3d 1378, 1382 (Fed. Cir. 2002) ("Rule 60(b)(6) is available only in extraordinary circumstances and only when the basis for relief does not fall within any of the other subsections of Rule 60(b)"); see also G.G.M. v. Sec'y of Health & Human Servs., 122 Fed. Cl. 199, 206 (2015) (describing cases holding that attorney negligence short of abandonment of client does not constitute an extraordinary circumstance for purposes of Rule 60(b)(6)).

## CONCLUSION

On the basis of the foregoing, Mr. Martinez's motion for extension of time to file a notice of appeal is **DENIED**.

**IT IS SO ORDERED.**

s/Elaine D. Kaplan
ELAINE D. KAPLAN
Judge, U.S. Court of Federal Claims.